RICHARD C. GREEN v. CHARLES F. DUNN.

(Filed 22 May, 1913.)

### 1. Tax Sales—Tender—Issues Sufficient.

The issue in this case being sufficient as to a tender by the owner of amount of taxes, costs, and 20 per cent interest to the purchaser of lands at a sale for taxes, and as to the ownership, etc., of the lands, it was not error for the court to refuse to submit the issues tendered by the defendant.

GREEN *v.* DUNN.

2. Tax Sales—Tender as Agent—Equitable Owner—Appeal and Error—Regularity of Trial—Presumptions.

The plaintiff purchased certain lands with the erroneous understanding that taxes for that year had been paid. The lands were sold for these taxes, and he testified that he had made a proper tender to the purchaser within the year, as required by the statute, in his own name and in the name of his grantor, which had been refused. The jury having found on this issue for the plaintiff, it is *Held,* that the question whether the plaintiff, as equitable owner, could make a legal tender of the taxes does not arise, the presumption being that the jury was correctly instructed, when no exception to the charge is taken and the charge does not appear in the record.

3. Pleadings—Demurrer—Answer.

A demurrer to a complaint is overruled by the filing of an answer.

4. Appeal and Error—Stenographic Notes—Record.

Transcribed stenographer's notes of the evidence taken at the trial should not be sent up as a part of the case on appeal, nor will they be accepted as such when tendered in the ·Supreme Court for the first time.

APPEAL by defendant from *Justice, J.,* at March Term, 1912, of LENOIR.

*G. V. Cowper for plaintiff.*
*C. F. Dunn in propria persona for defendant.*

CLARK, C. J. On 15 March, 1910, Florence Henderson owned a small lot in Kinston. According to the plaintiff's evidence, she sold the lot to him for $36, and he paid for the same in full, but the vendor being ill at the time, she did not make him a deed, but her agent gave him a receipt for the money, and by her authority he took possession of the property, rented it out, and later started a building on it, and has been in possession to the present. In May, 1910, the lot was sold for taxes (23 cents), and was bought by the defendant for 32 cents. In June, 1910, the plaintiff, who had understood that the taxes were paid when he bought, testifies that on learning that the lot had been sold for taxes, he tendered the purchase price, legal costs, and 20 per cent interest four or five times during 1910 to the purchaser, and also to the sheriff and to the city tax collector,

each of whom declined to receive the same. In May, 1911, the defendant obtained a deed from the sheriff for the land. The defendant, in his testimony, denied that any tender had been made him by the plaintiff until after he had received the deed from the sheriff. The sheriff testified that the plaintiff several times during 1910 offered to pay him all taxes, costs, and 20 per cent, but that each time he referred him to Dunn, who had purchased the land. The city clerk testified that it was his custom not to take taxes from the owners of land after it had been sold, but that he always sent them to settle with the purchaser; that the plaintiff's character was good, but that he does not remember whether he tendered him the taxes, etc., or not. Witness Hodges stated that during 1910 he heard the plaintiff tender the defendant the taxes, costs, and 20 per cent. The plaintiff also testified that in tendering the taxes he did so as agent of Florence Henderson, who had so authorized him.

This is an action to remove cloud upon title. The court submitted as issues:

1. Did the plaintiff within one year from the date of the tax sale to the defendant make an offer and tender of the amount of taxes paid by defendant, together with costs and 20 per cent charged?

2. Is plaintiff, Richard C. Green, the owner of the land described in complaint and entitled to possession thereof?

To both of which the jury responded "Yes." These issues presented every phase of the controversy, and it was not error to refuse those tendered by the defendant.

In May, 1912, Florence Henderson executed a deed to the plaintiff to the land, which was prior to the beginning of this action, and he was properly the party in interest and entitled to maintain this action. It is immaterial to consider whether the plaintiff, as equitable owner, could make a legal tender of the taxes, as he testified that he also tendered them as agent of Florence Henderson. We must presume that his Honor charged properly upon these points, as there is no exception to his charge, and it is not sent up.

We need not consider the propositions set up in the demurrer, as that was, of course, overruled by filing the answer. *Moseley v. Johnson,* 144 N. C., 273.

The stenographer's notes were not sent up as a part of the record, and cannot now be filed, as the defendant offers to do. They are material which the judge could consult in making up the case. But it would have been error for the judge himself to send them up as a part of the record, as we have repeatedly held. *Locklear v. Savage,* 159 N. C., 240.

We find in the record no indication that the judge committed any error in the trial of the cause.

No error.